UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | 1:10-cv-1403-JMS-TAB |
| OXMOOR APARTMENTS, LLC, ERICK D. PONADER, and DAVID W. PONADER, Defendants. | ) ) ) ) ) | |

**ORDER DENYING PONADER DEFENDANTS' MOTION
TO PARTIALLY QUASH SUBPOENA**

Defendants Erick and David Ponader are the principals of Oxmoor Apartments, LLC, owner of the three-story Oxmoor Building in Indianapolis. In April 2010, the Oxmoor Building suffered massive fire damage, and Oxmoor and the Ponaders sought insurance coverage from Plaintiff Harleysville Lake States Insurance Co. Harleysville did not provide coverage, but instead filed this action for declaratory relief, contending that the fire was an arson.

Underlying Harleysville's arson theory was the knowledge that Defendants were two weeks away from selling the Oxmoor Building at a $267,500 loss and their report that "an unknown person" started the fire. As part of its investigation, Harleysville served a subpoena on Charles E. Madden, accountant for the Ponaders and Oxmoor, requesting his "file(s), excel spreadsheets, data, receipts, invoices, and documents relating to and correspondence to/from Oxmoor Apartments, LLC, Oxmoor Apartments Co. . . . Erick D. Ponader and David W. Ponader from 2004 to the present." [Docket No. 46 at 2.] The Ponaders—but not Oxmoor—moved to quash the subpoena to the extent it seeks their personal information. [Docket No. 46.]

The Ponaders argue that their personal information is irrelevant to this action because there is no evidence that they were involved with the fire. [*Id.* at 2–3.] Harleysville responds that the fire's timing is suspicious and that an insured's poor financial state can be circumstantial evidence supporting an arson affirmative defense. *Stout v. Farmers Ins. Exch.*, 881 F. Supp. 401, 406 (S.D. Ind. 1994). Harleysville also points to evidence that the Ponaders' personal finances are intertwined with Oxmoor's, making them relevant to Oxmoor Buildling mortgage payments and maintenance. [Docket No. 49 at 8.] The Ponaders do not dispute these arguments.

The discovery Harleysville seeks is relevant. The Court therefore denies the Ponader Defendants' motion to quash the subpoena to Charles E. Madden. [Docket No. 46.]

Dated: 03/31/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael D. Chambers
TAFT STETTINIUS & HOLLISTER LLP
mchambers@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net

Kymberly Kochis
NELSON LEVINE DE LUCA & HORST, LLC
One Battery Park Plaza, 32nd Floor
New York, NY 10004

Michael R. Nelson
NELSON LEVINE de LUCA & HORST, LLC
mnelson@nldhlaw.com

Thomas Todd Reynolds
MANDEL HORN MCGRATH & REYNOLDS, P.C.
treynolds@mhmrlaw.com

Christopher M. Trapp
RUBIN & LEVIN, PC
ctrapp@rubin-levin.net